**GLOBE LEASING CORPORATION, a Utah Corporation, et al., Plaintiffs and Appellants,**

v.

**BANK OF SALT LAKE, a Utah Corporation, and Norton Parker, an Individual, Defendants and Respondents.**

No. 14155.

Supreme Court of Utah.

March 10, 1976.

------◆------

Robert M. McRae, of Hatch, McRae & Richardson, Salt Lake City, for plaintiffs-appellants.

Carman E. Kipp and J. Anthony Eyre, of Kipp & Christian, Salt Lake City, for defendants-respondents.

ELLETT, Justice:

The appellant (Globe) was in the business of leasing motor vehicles to the public. The leases were by written documents assigned to the respondent (Bank) which then advanced enough money to Globe to pay for the leased car. By the assignment Bank was shown as the lien holder of the car of which Globe was owner. The bank thus had two security interests to guarantee it against loss, viz: a lien on the vehicle and an assignment of the monthly rental payments.

By the assignment, Globe promised to "sell, assign, transfer and set over unto the Bank of Salt Lake, all and every of the *rentals* now due and owing, or that may at any time hereafter become due and owing to the undersigned by virtue of the following referred to lease, namely. . . ." (Emphasis added.)

The assignment further authorized Bank to bring actions and proceedings in its own name or in the name of Globe in order to collect any money due under the assignment, and Globe promised not to collect, etc., any money itself without the written consent of Bank.

As part of the lease agreement with its customers Globe required the lessee to make a cash deposit guaranteeing full compliance with the terms of the lease (including surrender of the vehicle at the end of the lease term in the same condition as it was when received, less reasonable wear and tear). This provision of the lease agreement was not made a part of the assignment, as the only thing assigned to the bank was the right to collect and keep the *rentals* due and to become due.

The lease agreement specifically provided: "The making of such deposit shall not be considered as payment of rent nor in any manner release Lessee from the obligations to pay rent or from performing any of the other obligations herein assumed by Lessee." The lease further provided: "If the Lessee shall have fully complied with all the terms, covenants, and conditions hereof required of Lessee, the deposit shall be refunded upon termination of the lease."

Globe began this action against Bank claiming breach of the agreement to buy the leases. Bank counterclaimed and sought to have the court award to it the deposit made by the lessees. The court ordered the funds to be paid into court or in the alternative to be placed in a bank or savings and loan company to be made on stipulation of the parties.

Globe did not comply with the order and on motion of Bank the court dismissed Globe's complaint. This appeal is from that order.

The defendant claims the order was proper because of Rule 67, U.R.C.P., which provides:

When it is admitted by the pleadings, or shown upon the examination of a party, that he has in his possession or under his control any money or other thing capable of delivery, which, being the subject of litigation, is held by him as trustee for another party, or which belongs or is due to another party, the court may order the same, upon motion, to be deposited in court or delivered to

*such party* upon such conditions as may be just, subject to the further direction of the court; provided that if money is paid into court under this rule it shall be deposited and withdrawn in accordance with section 78–27–4, Utah Code Annotated 1953, or any like statute. [Emphasis added.]

■ It is to be noted that the language of the rule requires the funds to be deposited in court or delivered to *such party*. *Such party* clearly refers to the owner or the one for whom the fund is held, to wit: the lessees.

■ Globe has an interest in the deposits since they can be used to put returned cars in good condition. It does not therefore hold the funds solely as a trustee.

■ It is to be noted further that Globe has not admitted in its pleadings that it has in its possession or under its control the funds; nor has it been shown by any examination of Globe that it now has the funds or did so at the time the order was made. The fact that Globe may have had the funds sometime in the past is not enough—it must appear that it had the funds when the order was made.

■■ The court would not be justified in ordering the deposit in court of funds held in trust unless it first appeared that the funds were in existence and under the control of a trustee. Likewise the complaint in this case should not be dismissed unless it appeared that Globe had the ability to comply with the order when made and contumaceously refused to obey it.

The judgment is reversed and the matter remanded with directions to reinstate the complaint and to proceed according to law in the matter.

Costs are awarded to the appellants.

CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

HENRIOD, C. J., concurs in the result.